J-S09005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALIX BENJAMIN, | : | |
| | : | No. 722 MDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order March 27, 2017
in the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0000656-2012

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 27, 2018**

Appellant, Alix Benjamin, appeals from the PCRA court's denial of his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Specifically, he claims that he is entitled to relief because of trial counsel's ineffectiveness. We affirm the order denying relief on the ground asserted, but vacate and remand regarding Appellant's designation as a sexually violent predator.

We take the factual and procedural history in this matter from our review of the certified record and the PCRA court's June 22, 2017 and March 27, 2017 opinions.

> [Appellant] was charged with and convicted of involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, indecent assault on a person less than [sixteen] years of age, unlawful contact with a minor and corruption of minors. These charges arose between 2007 and July of 2010[,]

_____

* Retired Senior Judge assigned to the Superior Court.

when [Appellant] sexually assaulted the victim over a period of time beginning when she was approximately [eleven] years old.

A jury trial was held on September 5 and 6, 2012, and the jury found [Appellant] guilty of all charges. On December 18, 2012, [Appellant] was found to be a sexually violent predator [(SVP)] and was sentenced to an aggregate sentence of [not less than thirteen nor more than twenty-seven] years [of incarceration].

(PCRA Court Opinion, 3/27/17, at 1-2). Appellant's SVP status carried a lifetime registration requirement.

Appellant filed post-sentence motions, which the court denied on April 5, 2013. He timely appealed, and this Court affirmed the judgment of sentence on November 7, 2013; our Supreme Court denied Appellant's petition for allowance of appeal on December 10, 2014. (*See* ***Commonwealth v. Benjamin***, 91 A.3d 1276 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 104 A.3d 523 (Pa. 2014)).

Appellant, counseled, filed his first PCRA petition on December 21, 2015, asserting that he was entitled to relief because trial counsel was ineffective for failing to object to the testimony of the Commonwealth's expert, Sandra Federo. The court conducted a hearing on Appellant's petition on November 14, 2016. At the hearing,

[Appellant's] trial counsel, Donald Jensen, Esq., testified . . . that he believed that Ms. Federo's testimony[,] that she could not confirm from her physical examination of the victim that sexual abuse took place[,] lent itself to the defense strategy that the victim fabricated these accusations. (*See* N.T. Hearing, 11/14/16, at 57). He testified that he cross-examined Ms. Federo concerning the normal findings from the physical exam and that it advanced [Appellant's] interests. (*See id.* at 57-58). He testified that although her testimony was that she could neither

confirm nor deny any assault with respect to the physical exam, he could not say that Ms. Federo's opinion was based solely on what the victim told her. (**See id.** at 66). He testified that he did not object to her testimony because this testimony was within the witness's ability to testify. (**See id.** at 67). He testified that he was familiar with the case law that says that it is impermissible for expert testimony to bolster a victim's testimony, but that he did not think it was applicable here. (**See id.** at 67-68). He testified that in light of the fact that Ms. Federo was a Commonwealth witness, and that she was not able to confirm that there was an assault by [Appellant], that her testimony bolstered the defense's position. (**See id.** at 68-69).

(PCRA Ct. Op., at 5) (record citation formatting provided).

On March 27, 2017, the PCRA court denied Appellant's petition. This timely appeal followed.[1]

Appellant raises one question on appeal: "[Whether] the PCRA court err[ed] when it denied [Appellant's] Amended PCRA petition that alleged trial counsel's ineffectiveness for failing to object to expert testimony that improperly bolstered the complainant's testimony?" (Appellant's Brief, at 2).

Our well-settled standard and scope of review for the denial of a PCRA petition is as follows:

> We review the denial of PCRA relief for a determination of whether the PCRA court's findings are supported by the record and free of legal error. A petitioner is eligible for PCRA relief only when he proves by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances delineated in 42 Pa.C.S.[A.] § 9543(a)(2).

---

[1] Pursuant to the PCRA court's order, Appellant filed a concise statement of errors complained of on appeal on June 8, 2017. The PCRA court entered its opinion on June 22, 2017, in which it relied in part on its March 27, 2017 opinion. **See** Pa.R.A.P. 1925.

*Commonwealth v. Natividad*, 938 A.2d 310, 320 (Pa. 2007) (citation omitted).

To be eligible for relief under the PCRA, an appellant must prove that his conviction resulted from one of several enumerated events, including the ineffective assistance of counsel. *See* 42 Pa.C.S.A. § 9543(a)(2).

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. *See Commonwealth v. Pierce*, 527 A.2d 973, 975–76 (Pa. 1987); *Strickland v. Washington*, 466 U.S. 668 (1984). The PCRA court may deny an ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." *Commonwealth v. Basemore*, 744 A.2d 717, 738 n.23 (Pa. 2000). . . . Because courts must presume that counsel was effective, it is the petitioner's burden to prove otherwise. *See Pierce*, *supra*; *Commonwealth v. Holloway*, 739 A.2d 1039, 1044 (Pa. 1999). . . .

*Natividad*, *supra* at 321 (citation formatting provided); *see also Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) ("[An appellant's] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.") (citation omitted).

In the instant case, Appellant claims that trial counsel was ineffective for failing to object to the testimony of the Commonwealth's expert witness, Ms. Federo. (*See* Appellant's Brief, at 7-13). He argues that the expert, Ms. Federo, improperly vouched for the victim-witness when she opined that the victim was sexually assaulted by an adult male. Appellant claims that counsel

was ineffective for failing to object to this testimony, and that he was prejudiced by this testimony, which bolstered the victim's testimony. (*See id.* at 12-13). We disagree.

Here, the PCRA court concluded that

> Ms. Federo testified at trial that the physical examination of the victim here was normal, but that based on the history provided by the victim, the physical exam and her training, education and experience, she concluded that the victim was sexually assaulted over a period of time by an adult male. She testified that it [] is normal to not see physical evidence of vaginal penetration in a physical exam. **She was not asked whether she believed the victim and did not testify as to the victim's truthfulness.** Moreover, [the PCRA] court instructed the jury that[,] although Ms. Federo was qualified as an expert, this does not mean that they have to accept her testimony and that they had to evaluate it just as they would any other witness and consider whether or not they find the testimony to be credible. Thus, contrary to [Appellant's] assertions, Ms. Federo's testimony was not objectionable and trial counsel was not ineffective in failing to object to it. [Appellant's] assertion that the jury must have concluded that Ms. Federo believed the victim, and that she thus unlawfully bolstered the victim's testimony and that counsel was ineffective for not objecting to her testimony on this basis is not a valid claim and not what the law requires. Counsel will not be deemed ineffective for failing to raise a baseless claim. [*See*] ***Commonwealth v. Reyes***, 870 A.2d 888 (Pa. 2005).

(PCRA Ct. Op., at 6) (record citations omitted; emphasis added).

Upon review, we conclude that the PCRA court's decision is supported by the record and free of legal error. ***See Natividad***, ***supra*** at 320. Trial counsel's decision not to object to Ms. Federo's testimony had an objectively reasonable basis. Counsel testified that he did not believe that Ms. Federo's testimony bolstered the victim's credibility, but rather thought that her testimony aided his overall strategy because she conceded that the physical

exam did not confirm an assault. (**See** N.T. Hearing, at 57-58). Therefore, Appellant has not met his burden to prove that trial counsel was ineffective for failing to object to Ms. Federo's testimony.[2] Accordingly, Appellant's claim does not merit relief.

However, based on recent case law, we are constrained to review *sua sponte* the legality of Appellant's sentence, with respect his SVP status and registration requirements. **See Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017) (addressing legality of SVP status *sua sponte*).

In **Butler**, this Court applied our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), and, in light of **Apprendi** and **Alleyne**,[3] found that 42 Pa.C.S.A. § 9799.24(e)(3) is unconstitutional.[4] **See Butler**, **supra** at 1218. On February 21, 2018, the Pennsylvania General Assembly enacted HB631, addressing several issues raised by **Muniz**. **See** Act. No. 2018–10, H.B. No. 631. In doing so, the legislature added section 9799.55, which states:

---

[2] Appellant argues that based on **Commonwealth v. Maconeghy**, 171 A.3d 707, 712 (Pa. 2017), the testimony was improper and trial counsel did not have a reasonable basis for not objecting to it. However, the **Maconeghy** decision was rendered on October 18, 2017, nearly five years after the trial in this matter. Thus, counsel was not ineffective for failing to raise an objection based on a case that had not yet been decided.

[3] **Apprendi v. New Jersey**, 530 U.S. 466 (2000); **Alleyne v. United States**, 570 U.S. 99 (2013).

[4] Section 9799.24(e)(3) stated that at a hearing, prior to sentencing, the trial court should determine, based on clear and convincing evidence, whether the defendant was an SVP. **See** 42 Pa.C.S.A. § 9799.24(e)(3).

**(b) Lifetime registration.**—The following individuals shall be subject to lifetime registration:

\* \* \*

(2) Individuals convicted:

(i)(A) in this Commonwealth of the following offenses, if committed on or after April 22, 1996, but before December 20, 2012:

18 Pa.C.S. § 3121 (relating to rape);

18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse);

18 Pa.C.S. § 3124.1 (relating to sexual assault);

18 Pa.C.S. § 3125 (relating to aggravated indecent assault); or

18 Pa.C.S. § 4302 (relating to incest) when the victim is under 12 years of age; . . .

\* \* \*

42 Pa.C.S.A. § 9799.55(b)(2)(i)(A).

In the instant case, on December 18, 2012, the sentencing court determined by clear and convincing evidence that, pursuant to 42 Pa.C.S.A. § 9799.24(e), Appellant was a SVP and designated him as such. The court issued notice to Appellant that he is required to register as a sex offender with the Pennsylvania State Police for life. **See** Pa.C.S.A. § 9799.23. Because the **Butler** Court deemed section 9799.24(e) unconstitutional, the portion of Appellant's sentence designating him a SVP constitutes is illegal, and we are constrained to vacate it. **See Butler**, **supra** at 1218.

However, pursuant to § 9799.55(b)(2)(i)(A), Appellant is nevertheless subject to lifetime registration because a jury convicted him of committing the

following offenses on or after April 22, 1996, but before December 20, 2012[5]: involuntary deviate sexual intercourse (IDSI)—person less than sixteen years of age; statutory sexual assault; aggravated indecent sexual assault—complainant less than sixteen years of age; indecent assault—person less than sixteen years of age; unlawful conduct with a minor—sexual offenses; and corruption of minors.[6]  Appellant's convictions of IDSI and aggravated indecent assault both subject him to lifetime registration.  *See* 42 Pa.C.S.A. § 9799.55(b)(2)(i)(A).

Accordingly, we affirm the order denying PCRA relief as to Appellant's ineffective assistance of counsel claim.  However, we vacate Appellant's SVP designation, and remand to the trial court to make a finding beyond a reasonable doubt that Appellant is an SVP and issue notice to him regarding his lifetime registration requirement pursuant to 42 Pa.C.S.A. § 9799.55.

Order affirmed.  SVP designation vacated.  Case remanded with instructions, jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/27/18

---

[5] Appellant committed the instant offenses between July 2007 and July 2010.

[6] *See* 18 Pa.C.S.A. §§ 3123(a)(7), 3122.1, 3125(a)(8), 3126(a)(8), 6318(a)(1), and 6301(a)(1), respectively.

- 8 -